Mabel GREENLEAF, Guardian of George McIntosh, a Minor, Plaintiff in Error,

v.

Pauline GREENLEAF et al., Defendants in Error.

No. 36586.

Supreme Court of Oklahoma.

Oct. 11, 1955.

Rehearing Denied Jan. 17, 1956.

Application for Leave to File Second Petition for Rehearing Denied Feb. 21, 1956.

Hulsey & Hulsey, McAlester, for plaintiff in error.

Porter & Porter, Muskogee, Milam M. King, Checotah, for defendants in error.

CORN, Justice.

This case involves the question whether George McIntosh, a minor grandson of the deceased Taylor Greenleaf, is a legitimate child of Rosa a deceased daughter of said decedent Taylor Greenleaf, and David McIntosh father of said George McIntosh, and entitled to inherit the interest of his mother by right of representation, or whether he is an illegitimate child of Rosa, deceased, and is thereby precluded from inheriting by right of representation under the laws of descent and distribution of this State.

The guardian, in her brief, cites as follows:

"10 O.S.1951 § 1: All children born in wedlock are presumed to be legitimate."

"10 O.S.1951 § 3: The presumption of legitimacy can be disputed only by the husband or wife or the descendent of one or both of them. Illegitimacy in such a case may be proved like any other fact."

The guardian then contends that the trial court did not have jurisdiction to try the legitimacy of the minor, George McIntosh, for the reason no one, having statutory authority, put his legitimacy at issue.

The above statute provides "all children born in wedlock are presumed to be legitimate." From an examination of the record we do not find any evidence to establish that the minor, George McIntosh, was born in wedlock, but to the contrary the evidence discloses that his mother was living with her father when he was born, she was never married to David McIntosh, and had never lived with him, which overcomes the presumption of legitimacy.

Under the above facts the trial court held, in part, as follows:

"The court finds that George McIntosh is an illegitimate child of Rose Greenleaf and one David McIntosh, and concludes, as a matter of law that he is precluded from inheriting by right of representation, any part of his grandfather's estate. * * *"

The judgment of the trial court is not contrary to the clear weight of the evidence, but is amply supported thereby.

Judgment affirmed.

WILLIAMS, V. C. J., and DAVISON, BLACKBIRD and JACKSON, JJ., concur.

WELCH, J., dissents.